**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KAMRAN ABRISHAMI**,<br><br>             Plaintiff,<br>  -vs-<br><br>**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>             Defendant. | Civil Action No.      (   )<br><br>**COMPLAINT** |

Plaintiff Kamran Abrishami ("Abrishami"), by way of Complaint against defendant Liberty Life Assurance Company of Boston (hereinafter, "Liberty") alleges as follows:

**NATURE OF ACTION**

1. This is a claim seeking an award of short-term and long-term disability benefits (hereinafter, "LTD" benefits) to Kamran Abrishami under the terms of under the terms of the Santander Holdings USA, Inc.'s Short-Term and Long-Term Disability group policies (hereinafter "the Plans"), providing short-term and long-term disability benefits to employees of Santander Holdings USA, Inc.

2. The Plans were underwritten by insurance issued by defendant Liberty.

3. The Plans are ERISA-covered employee benefits plans that include, among others, short and long-term disability benefits.

4. At all times relevant, Abrishami was a vested participant in the Plans, pursuant to the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., (hereinafter, "ERISA"), because Abrishami was an employee of Santander Holdings USA, Inc. at the time of his disability.

5. Abrishami brings this action against Liberty for denying his clam for short-term and long-term disability benefits, in direct contravention of the Plans and Liberty policy.

6. Liberty was and is fully aware of Abrishami's long-standing medical conditions that entitle him to short-term and long-term disability benefits, but, in breach of the Plans, denied his claim for benefits.

7. Defendant willfully and unreasonably denied Abrishami's benefits without justification and without granting him a full and fair review of his claim for benefits.

8. Defendant improperly rejected and ignored the opinions of Abrishami's treating physicians in an attempt to deprive him of the LTD benefits due.

9. Defendant failed to provide a reasonable claim procedure that would yield a decision on the merits of his claim.

10. Defendant conducted a biased review of the claim that led to the denial of benefits due.

11. Defendant conducted an improper review, which violated ERISA and Abrishami's own claims procedures, with the intent of furthering its financial interests.

12. Defendant failed to discharge its discretionary claims processing duties solely in the interests of Abrishami, the Plans participant and beneficiary.

13. By this action, Abrishami seeks to (i) recover past benefits owed to him plus interest as provided by ERISA; (ii) obtain reinstatement of disability benefits under the Plans as long as he submits proof of ongoing disability; (iii) obtain life insurance coverage to which he would be entitled while receiving disability benefits under the Plans; and (iv) recover attorneys' fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## GENERAL ALLEGATIONS

### JURISDICTION

14. Plaintiff's claim relates to an "employee welfare benefit plans" as defined by ERISA. The Plans, covering employees of Santander Holdings USA, Inc., constitutes a "plan" under ERISA. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).

15. Venue is proper under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391 because an action may be brought in the district where a defendant resides or may be found.

16. Plaintiff exhausted all administrative remedies under the Plans claims procedures.

### PARTIES

17. Plaintiff Kamran Abrishami is an individual residing at 11 Driftway, Florham Park, New Jersey.

18. At all relevant times, Plaintiff was employed by Santander Holdings USA, Inc. as a Vice President.

19. The Plans are fully insured "employee welfare benefit plans" as defined by ERISA, 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

20. Defendant Liberty is a corporation that is operating and may be found in the State of New Jersey. It has offices in New Jersey, *inter alia*, at 20 Independence Blvd, First Floor, Warren, New Jersey. Liberty insures and underwrites the Plans under which Plaintiff has brought his claim.

21. At all relevant times, Liberty exercised authority and control over the payment of LTD benefits and was a fiduciary of the Plans within the meaning of 29 U.S.C. § 1002(21)(A).

22. Liberty employees administered, negotiated, funded, interpreted, and maintained the Plans pursuant to which Plaintiff is entitled to benefits.

23. Liberty employees processed the claims of the Plans and made determinations.

## CLAIM FOR BENEFITS

24. Plaintiff was a 53-year-old Vice President for Santander Holdings USA, Inc. until he became Disabled on February 26, 2016.

25. At Santander, Plaintiff handled client relationships and offered financial advice to customers regarding wealth management.

26. Mr. Abrishami began developing respiratory symptoms in late 2015 after being transferred to a new office building. These included sinus symptoms, allergic symptoms, poor focus, forgetfulness, and shortness of breath.

27. On December 12, 2015, he developed severe respiratory distress after the floor below him was flooded due to a sewage backup over the weekend. At that time, he visited the emergency room at Morristown Memorial Hospital with an unrelenting cough and severe dyspnea, and was treated with a nebulizer.

28. That night he began to develop tingling and numbness in his feet and legs as well as back pain.

29. Liberty had Plaintiff's file reviewed by Robert Swotinsky, M.D., an expert in alcohol toxicology and the workplace. Dr. Swotinsky confirmed that Plaintiff was experiencing symptoms and determined that "the presence of symptoms more than four months after leaving the office suggests the symptoms are not solely caused by the office." In relying on Dr. Swotinsky's report to deny benefits, Liberty mistakenly determined that the cause or origin of Plaintiff's symptoms was a factor in whether or not he was entitled to benefits.

30. Furthermore, Dr. Swotinsky has no experience in the symptoms of mold allergies or mold-related diseases and his opinion should not have been relied on by Liberty.

31. In addition to his physical disabilities, Mr. Abrishami has been diagnosed with P.T.S.D., Reactive Depression, and Anxiety Disorder. His neuropsychologist has labeled his prognosis as "Guarded" and determined that "from a psychiatric viewpoint, the patient is presently totally temporary (sic) disabled."

32. Liberty did not take into consideration Mr. Abrishami's psychological disabilities, as required by the policy.

33. Liberty denied Plaintiff's claim for short-term disability benefits on March 24, 2016.

34. On or about March 29, 2016, without the assistance of or representation by an attorney, Plaintiff sent a one-paragraph letter requesting that Liberty reconsider its decision to deny his short-term disability benefits. Liberty regarded this request as Plaintiff's formal administrative appeal, as provided by ERISA.

35. By letter dated August 9, 2016, Liberty upheld its decision to deny Plaintiff's short-term disability benefits based on its determination that the medical information in the claim file did not support a functional impairment, and that Plaintiff is capable of performing his own occupation.

36. The group long-term disability Policy issued by Liberty contains the following relevant provisions:

   a. *If the Covered Person is eligible for the 24 Month Own Occupation benefit, "**Disability**" or "**Disabled**" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
   b. *Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

37. As a full-time employee of Santander Holdings USA, Plaintiff is a Plans participant and entitled to receive benefits under the Policy if he meets the policy definition of disability.

38. Upon information and belief, Plaintiff as an employee, qualified for continuation of life insurance benefits while Disabled from working.

39. In reaching its determination, Liberty relied on faulty information and ignored objective medical evidence that Plaintiff was Disabled and eligible to receive disability benefits.

40. Liberty's decision was both arbitrary and capricious.

41. ERISA requires plan administrators to maintain "reasonable claims procedures." 29 C.F.R. § 2560.503-1(b).

42. Upon information and belief, Liberty's claim procedures provide guidance for claims staff in determining whether a claimant is Disabled, and those claims procedures are not reasonable.

43. ERISA requires a plan administrator to provide a "full and fair review" of claims to plans participants, such as Mr. Abrishami. See, 29 U.S.C. § 1133(2).

44. A "full and fair review" under ERISA requires that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii).

45. The claim file provided by Liberty does not contain any indication that Liberty thoroughly considered or gave proper weight to object medical evidence of Plaintiff's disabling conditions.

46. Mr. Abrishami continues to treat with his doctors.

47. At all times mentioned herein, Mr. Abrishami was, and continues to be Disabled

under the Policy due to his medical conditions.

48. Mr. Abrishami has exhausted all administrative remedies required to be exhausted under terms of the Policy.

### **FIRST CAUSE OF ACTION**

49. The allegations set forth in paragraph 1-48, above, are incorporated as if stated verbatim herein.

50. An actual controversy exists between Plaintiff and Defendant arising out of the events alleged herein above. Specifically, Defendant have no legal basis for denying Plaintiff benefits.

51. Under the terms of the Plans, Defendant agreed to provide Plaintiff with certain disability benefits through age 66.

52. Defendant has failed and refused to pay Plaintiff the benefits to which he is entitled.

53. Plaintiff has satisfied all conditions precedent under the Plans and is thus eligible to receive benefits for Plaintiff has not waived or otherwise relinquished his entitlement to.

54. Denial of benefits to Plaintiff was contrary to and in breach of the terms of the Plans.

55. Plaintiff seeks reimbursement and compensation for any and all benefits he would have received from the inception of coverage, continuing into the future as long as he continues to fulfill the requirements under the Plans.

56. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to pay Plaintiff benefits, he has been damaged in an amount equal to the amount of

benefits to which he is entitled under the terms of the Plans plus interest, for a total amount to be determined by the Court.

57. The denial of the benefits is a breach of the Plans and Policy, in utter disregard of the Record and Claim File and unsupported by substantial evidence.

58. The unlawful behavior of Defendant is evidenced by the following:

a) Failing to authorize benefit payments to Plaintiff at a time when they knew that he was entitled to said benefits under the terms of the Plans, in bad faith and contrary to the Plans;

b) Unreasonably withholding payments from Plaintiff knowing his claims for benefits were valid;

c) Unreasonably failing to pay Plaintiff benefits without having any evidence, substantial or otherwise, supporting their decision to deny benefits;

d) Completely disregarding Plaintiff's treating physicians' assessments of his medical conditions and how they restrict and limit his from performing any occupation without any basis for doing so;

e) Selectively highlighting certain factors in medical reports and/or conversations with Plaintiff's treating physician in order to cast a favorable light on its position while ignoring the conclusions of Plaintiff's treating physicians regarding the conditions for which they rendered treatment;

f) Relying on biased, insufficient and inaccurate reports of hired medical reviewers;

g) Improperly attempting to influence the opinion of a hired medical reviewer to support its own, financially advantageous, position;

h) Completely disregarding Plaintiff's own statements regarding his medical conditions and how they restrict and limit his from performing any occupation;

i) Engaging in a pattern of procedural irregularities to advance their own personal interests in denying benefits, to the detriment of Plans participants;

j) Improperly refusing to provide information relevant to the denial determination, which they were obligated to provide pursuant to 29 C.F.R. § 2560.503(g), in violation of ERISA;

k) Consistently acting in their own personal interests instead of those of the Plans and its participants;

l) Requiring Plaintiff to provide objective evidence of his medical conditions, in violation of the Policy;

m) Failing to have Plaintiff's medical records reviewed by an unconflicted medical professional with the requisite training and experience in the fields of medicine involved, in its initial claim determination, in violation of ERISA;

n) Failing to obtain an independent medical examination (IME) of Plaintiff during its initial claim determination to assess his functional capacity;

   o)  Failing to follow the guidelines of its own claims procedures, in violation of ERISA;

59. Liberty is a fiduciary within the meaning of 29 U.S.C. § 1001, et seq., specifically 29 U.S.C. § 1002(21)(a), and is subject to the duties and liabilities set forth in 29 U.S.C. § 1104, § 1105 and § 1109.

60. The Plans is required to provide Plaintiff a "full and fair review" of the decision denying his claim.

61. Liberty acted as a fiduciary of the Plans.

62. Liberty was responsible for providing Plaintiff a full and fair review of his claim.

63. Liberty's unreasonable conduct, set forth herein, deprived Plaintiff of a full and fair review of his claim.

64. A "higher than marketplace" quality standard, as set forth in <u>Metropolitan Life Ins. Co. v. Glenn</u>, 128 S. Ct. 2343 (2008), applies to evaluating the actions of Liberty in this case.

65. Liberty was required to discharge its duties "solely in the interests of the participants and beneficiaries of the plans."

66. Liberty violated the higher-than-marketplace standards that ERISA imposes on insurers.

67. Liberty represented to Plaintiff that benefits would be paid if he met the terms and conditions of the Plans, but failed to fulfill its obligation to discharge its duties solely in the interest of Plans participants.

68. Liberty breached its fiduciary duty and abused its discretion by failing to fairly review and reasonably interpret the reports prepared by Plaintiff's treating and examining

physicians, failing to follow its own claims procedures, and failing to consider material relevant to Plaintiff's medical condition.

69. Liberty created an artificial reason for denying Plaintiff's disability benefits.

70. Liberty selectively highlighted certain factors in medical reports in order to cast a favorable light on its position while ignoring the conclusions of Plaintiff's treating doctors regarding the conditions for which they rendered treatment.

71. Liberty has financial conflicts of interest with respect to handling, monitoring and eventually denying Plaintiff's disability benefits.

72. Liberty was influenced by its financial conflict of interest, as both the claims administrator of the Plans and the payor of benefits thereunder, when deciding to deny Plaintiff disability benefits.

73. Liberty breached its fiduciary duty to Plaintiff and abused its discretion by placing its financial interests in reducing its expenses and increasing its profitability above Plaintiff's interests under the Plans to receive disability benefits.

74. Liberty represented to Plaintiff that benefits would be paid if he met the terms and conditions of the Plans, but failed to fulfill its obligation to discharge its duties solely in the interest of Plans participants by: relying upon biased, inaccurate reports of hired medical reviewers; producing TSAs based on limited and/or incorrect information; and manipulating the medical evidence in the claim.

75. Contrary to clear, compelling and substantial medical and functional evidence, Liberty wrongfully denied Plaintiff's total disability claim and has wrongfully maintained that denial to this date.

76. Liberty has been forced to bring the instant action as a direct result of Defendant's unlawful denial and violations of the Plans and ERISA.

77. As a direct and proximate result of the conduct of the Defendant in failing to pay Plaintiff benefits, Plaintiff has been damaged in an amount equal to the amount of benefits he would have received under the terms of the Plans plus interest, for a total amount to be determined prior to trial.

78. Liberty is both the administrator and funding source for the Plans.

79. Liberty was under a perpetual conflict of interest because the benefits would have been paid out of its own funds. Liberty allowed its concern over its own funds to influence decision-making.

80. As a direct result of Defendant's acts, actions and activities, Plaintiff has incurred costs and attorney's fees in the prosecution of this action. Plaintiff is entitled to recover his attorney's fees and costs incurred in prosecution of the instant action, including prejudgment interest, pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

**WHEREFORE,** Plaintiff Kamran Abrishami demands the following relief:

A. A declaration pursuant to that Plaintiff is entitled to recover benefits due to his under the terms of the Plans;

B. An Order enforcing Plaintiff's rights under the terms of the Plans;

C. An Order clarifying that Plaintiff has rights to the future benefits under the terms of the Plans;

D. An Order requiring Defendant to pay LTD benefits to Plaintiff for the maximum period allowable by the Plans.

E. Attorney's fees pursuant to 29 U.S.C. 1132(g) and;

F.	Cost of suit and any and all other relief to which Plaintiff may be entitled.

        **WALKER & HERN, LLC**
        *Attorneys at Law*

        /s/ J. Brooke Hern
        J. Brooke Hern (JH2843)

        Courthouse Plaza
        60 Washington Street
        Suite 102G
        Morristown, New Jersey 07960
        Tel. 973-538-1630
        Fax. 973-538-1785

        ATTORNEYS FOR PLAINTIFF
        Kamran Abrishami

        Dated: August 15, 2018